Law Offices
Howard A. Chorost, P.C.
21 East Speedway Boulevard
Tucson, Arizona 85705
(520) 792-0011
(520) 844-1196 (fax)
Email: hchorost@me.com

Howard A. Chorost, Esq.
State Bar of Arizona No. 012663

Attorney for Movant

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>SI SE PUEDE ENTERPRISES, LLC,<br><br>Debtor.<br>———————————————<br>Eddice M. Cornelius, as Trustee of the Eddice M. Cornelius Revocable Trust dated June 25, 1999;  and Louis A. Banks, as Trustee of the Louis A. Banks Living Trust dated September 21, 2010,<br><br>Movant,<br><br>vs.<br><br>SI SE PUEDE ENTERPRISES, LLC, Debtor;<br>SI SE PUEDE ENTERPRISES, LLC, Debtor-in-Possession,<br><br>Respondents. | Chapter 11 Proceedings<br>(Subchapter V)<br><br>Case No. 4:24-bk-07108-SHG<br><br><br>MOTION FOR RELIEF FROM STAYS<br><br>(Re: 849 N Anita Avenue, Tucson AZ 85705) |

Movant, the holder of a claim secured by an interest in the below described Real Property,  hereby moves and applies to the Court for an order terminating the Automatic Stay, pursuant to 11 U.S.C. §362 with regard to said property.   Movant herein desires to exercise State Law forfeiture remedies with regard to said property.  In the event an objection is filed,  and the Court is not inclined to grant stay relief, Movant requests that the Court enter an award for adequate protection pursuant to 11 U.S.C. §361.

1.     This Motion arises under Title 11 of the United States Code, in the following described case which has been referred to and is pending in the United States Bankruptcy Court for the District of Arizona:

|  |  |
|---|---|
| Debtor: | SI SE PUEDE ENTERPRISES, LLC, |
| CASE NUMBER: | 4:24-bk-07108-SHG |
| CHAPTER: | 11 (Subchapter V) |
| FILING DATE: | August 27, 2024 |
|  |  |
| Related active Case: | Grace Nicole Soto |
| Case Number: | 4:24-bk-00334-SHG |
| Filed as Chapter 11: | January 16, 2024 |
| Converted to Chapter 13: | April 4, 2024 |
| Stay Relief Order entered: | August 8, 2024 |
|  |  |
| Property transferred without Court approval: | August 20, 2024 |
|  |  |
| Motion to Dismiss filed by Chapter 13 Trustee: | August 23, 2024 |

2.     The obligation arises out of a Promissory Note and Deed of Trust dated March 26, 2022 and recorded on March 29, 2022 in the office of the Pima County Recorder, in Sequence No. 20220880885, true copies of which is attached as Exhibits "A" and "B," respectively. The approximate balance owing on the obligation as of the date of filing is $611,380.69 as reflected in Exhibit "E" attached hereto and by this reference is made a part hereof. Additionally, the real-party-in-interest (Grace Nicole Soto) owes interest, attorney fees and costs pursuant to the terms of the Note and/or Deed of Trust. Real-party-in-interest, Grace Nicole Soto, is in default for failure to pay the March 1, 2023 interest only installment, plus impounds in the sum of $4,526.37, plus service fees, and all subsequent installments due thereafter. Additionally, Debtor has

incurred legal fees and costs for a pending Trustee Sale.  In addition, upon information and belief **Real-party-in-interest, Grace Nicole Soto is in default for failure to maintain collateral protection insurance** on the subject Real Property and also may be in default of the payment of Real Property taxes.  Such additional defaults, if any, will be determined at the time of the Preliminary Hearing if an objection to Stay Relief is filed.  Such defaults may constitute adequate Cause to grant immediate relief from the Stay at the Preliminary Hearing.  **Prior to filing this Motion, and on multiple occasions prior to the commencement of this particular case, Movant requested proof of collateral protection insurance, naming Movant as a loss payee, and Debtor has failed to provide evidence of same.  A Stay Relief Order was entered in the prior case due to the failure to provide proof of insurance to undersigned counsel.**

3.      The subject Real Property described as follows:

Street Address: 849 N Anita Avenue, Tucson AZ 85705.

Assessor's Tax Parcel Number: 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

Legal Description:

Lot 18 in Block 5, of MCKINLEY PARK, according to Book 3 of Maps, page 26, records of Pima County, Arizona.

4.      The real-party-in-interest in this case is Grace Nicole Soto.  Grace Nicole Soto filed a Chapter 11 case under Subchapter V on January 16, 2024 under Case Number 4:24-bk-00334-SHG.   Grace Nicole Soto then converted her case to Chapter 13 on April 4, 2024.  Movant herein was granted Stay Relief in the Chapter 13 case on August 8, 2024.  No payments were made to Movant under the Subchapter V case.  No payments were made to Movant under the Chapter 13 case.  In fact, no payments were tendered to the Chapter 13 Trustee in the Chapter 13 case.  The Chapter 13 case is still pending, although the Chapter 13 Trustee filed a Motion to dismiss the case on August 23, 2024.

5.      A Trustee Sale was scheduled to take place on the property securing the loan of Movant herein, or about August 27, 2024.

6.    On August 20, 2024, real-party-in-interest, Grace Nicole Soto executed and recorded a Quit Claim Deed to the Debtor entity herein, regarding the property which is the subject of Movants Lien.  Exhibit "C".  Said Deed was recorded in Sequence No. 20242330150, records of Pima County, Arizona.  Movant alleges the transfer by Grace Nicole Soto to the Debtor entity was made without permission of the secured creditor and without sufficient consideration, and certainly without Court approval to transfer an asset of the Estate in her pending Chapter 13 case. This conduct is prohibited by 11 U.S.C. §362(d)(4).  Grace Nicole Soto is the sole owner of Debtor SI SE PUEDE ENTERPRISES, LLC.  It is herein alleged that Si Se Puede Entterprises, LLC is the alter-ego of Grace Nicole Soto.  Instead of providing proof of insurance and moving for reconsideration of the Order Terminating Stay in Grace Nicole Soto's Chapter 13 case— or perhaps even appealing the Order— Real-party-in-interest, Grace Nicole Soto decided to do an "end-run" circumventing the Court's Stay Relief Order by transferring the property by quit claim deed to the Debtor entity during the pendency of Grace Nicole Soto's pending Chapter 13 case.   The conduct of Grace Nicole Soto is a blatant display of abuse of the bankruptcy process.

7.    Real-party-in-interest, Grace Nicole Soto has still not been provided Movant with Proof of Insurance for the subject real property.

8.    No payments have been tendered to Movant and the loan is delinquent from March 1, 2023.

9.    The entirety of the Note is now due and payable since legal title to the Subject Real Property has been transferred by Grace Nicole Soto in violation of the "due on sale clause" contained in the Note, which mandates as follows:

> *"Should the Trustor herein sell, convey, transfer or assign all or any portion of their interest in the subject property, the entire remaining principal balance of the note secured hereby, together with interest due hereon shall immediately be due and payable in full."*

10.    There do not appear to be any new circumstances or reasonable prospects for reorganization of this debt.  The only difference is that there is a new Debtor entity

named in this case through an act of fraudulent conveyance, and a new attorney representing this Debtor. But in all other respects this cases remain virtually identical. In fact, Debtor recently filed an Emergency Motion for use of Cash Collateral (Docket Entry 5). Said motion is virtually identical to the Emergency Motion for use of Cash Collateral filed by Grace Nicole Soto in her case (4:24-bk-00334-SHG, Docket Entry 13).

11.     Movant herein alleges that the present case was filed in bad faith has been interposed for the sole purpose of delay and frustration of enforcement of Movants' security interest. The only reason for this case filing was to try to get a second (or really third) bite at the apple and to delay enforcement of the Note and Deed of Trust while Debtor fails to make payments on the Debt, and continues to use the property "rent free." The present case was also ultimately filed to circumvent Judge Gan's Order Terminating Stay.

12.     Debtor and real-party-in-interest Grace Nicole Soto should not be allowed to continue to abuse the Bankruptcy process, or use Movants' cash collateral without making any payments on the secured debt and without paying her insurance premiums for collateral protection insurance.

13.     Movant alleges that with the passage of time, the balance of the obligation owed Movant likely exceeds the fair market value of the property and therefore Debtor lacks equity in the subject property. Movant further alleges that the real property is not necessary for any proposed or contemplated reorganization as a feasible plan cannot be offered for court approval. Accordingly, given the lack of equity in the property, said property is either burdensome or inconsequential to the administration of the Estate.

14.     Given that nothing has changed to facilitate a reorganization, a lack of feasibility is a valid reason to grant stay relief or dismiss this case. Real-party-in-interest Grace Nicole Soto failed to tender payments in her prior Subchapter V case. She failed to tender any payments to the Chapter 13 Trustee in her converted case. No payments were made at all. She continues to fail to pay for property insurance. Real Property taxes aren't being paid. In essence, nothing has changed other than transferring the property to an entity so she can have yet another bite at the apple and circumvent the Stay Relief

Order entered by Judge Gan. Where there is no change in circumstances, a new bankruptcy case is filed in bad faith. 11 U.S.C. §362(c)(C). Also, when real property is transferred without the consent of the Lienholder or by court order, and multiple cases are filed to stay state law remedies involving the same property, as is the case here, this is abuse of the bankruptcy system. 11 U.S.C. §362(d)(4).

> With respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with the applicable State laws governing notices of interest or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief under such order based upon changed circumstances or for good cause shown, after notice and hearing.... 11 U.S.C. §362(d)(4).

15.     Even if the Court grants Movant the requested relief, Debtor and real-party-in-interest Grace Nicole Soto, can once again go out, transfer title to the property, and do another impermissible "end-run" on the Court's Order. Therefore, Movant requests the entry an Order that the conversion or the filing of any subsequent bankruptcy case affecting the subject real property will not create a Stay as to enforcement of Movant's state law remedies concerning foreclosure or forfeiture of their Deed of Trust in accordance with 11 U.S.C. §362(d)(4).

16.     Attorney Ethan Steele has postponed the Trustee sale upon learning of the commencement of this case. The Sale has been postponed to September 25, 2024 at 11:00 AM.

1
2
3
4      Wherefore, Movant prays that the Court enter an Order Terminating all Stays, including the Automatic Stay with respect to enforcement of Movant's Promissory Note and Deed of Trust to permit State Law Forfeiture or Foreclosure remedies and grant other such relief as may be appropriate.

5
6
7
8
9
10
11      It is also requested that since Movant is attempting to minimize expenses in regard to the Bankruptcy Filing, Movant respectfully requests that the entry of an Order Terminating Stay herein be binding as to any Chapter under the Code to which Debtor may convert; and, in the event of a dismissal of the case that Debtor and real-party-in-interest Grace Nicole Soto be prohibited from converting or filing another bankruptcy case for a period of 180 days following the entry of the Order Terminating Stays in accordance with 11 U.S.C. §109.

12
13
14
15
16
17      In the alternative, if the Motion is opposed and if the Court does not grant Stay Relief at this time, Movant respectfully requests that the Court, at a Preliminary or Final Hearing, issue such orders, as appropriate, to require Debtor to tender adequate protection payments to Movant in an amount to be set by the Court pursuant to 11 U.S.C. § 361; and that the continuation of the Stay be conditioned on receipt of adequate protection payments, payment of insurance, and of real property taxes.

18
19      RESPECTFULLY SUBMITTED: September 3, 2024

20      HOWARD A. CHOROST, P.C.

21      */s/ Howard A. Chorost, State Bar No. 012663*

22      Howard A. Chorost
        Attorney for Movant
23      Eddice M. Cornelius; Louis A. Banks

24
25
26
27
28

# EXHIBIT "A"

# PROMISSORY NOTE SECURED BY DEED OF TRUST

$400,000.00

Tucson, Arizona
March 28, 2022

FOR VALUE RECEIVED, the undersigned jointly and severally, promise(s) to pay Eddice M. Cornelius , as Trustee of The Eddice M. Cornelius Revocable Trust dated June 25, 1999 as to an undivided 50% and Louis A. Banks, as Trustee of The Louis A. Banks Living Trust dated September 21, 2010, as to 50% interest  or order, at Fidelity National Title 6245 E Broadway, Ste 200, Tucson, Az 85711  the sum of Four Hundred Thousand Dollars and No Cents ($400,000.00) payable as follows:

With interest from May 1, 2022 on the unpaid principal at the rate of 12.00% PERCENT PER ANNUM:  INTEREST ONLY($4,000.00) in monthly installments on the 1st day of each calendar month, beginning on June 1, 2022 and continuing until May 1, 2025 on which day the unpaid balance of said principal sum, together with interest due thereon, shall become due and payable in full.  Each payment shall be credited first on the interest then due and the remainder thereof on the principal sum, and interest shall thereupon cease upon the amount so paid upon the principal sum.

There will be a balloon payment due on April 1, 2025.

No Prepayment penalty

There shall be a late charge assessed in the amount of $25.00 per day on any payment received by the Loan Servicing Agent more than 15 days in arrears.  Escrow/Account Servicing is instructed not to accept any payment due that does not fully pay all; accrued interst and late fees that are due.

In addition to and to be paid concurrently with said monthly payment, the Payors agree to pay the amount of the monthly impoundments as determined by the Loan Servicing Agent from time to time.  Said monthly impoundments consist of 1/12th of the estimated annual real estate taxes and 1/12th of the annual insurance premium, which sum is presently computed as $526.37, making a total present payment due hereunder of $4,526.37 plus Service fees.

Should the Trustor herein sell, convey, transfer or assign all or any portion of their interest in subject property, the entire remaining principal balance of the note secured hereby, together with interest due hereon shall immediately be due and payable in full.

Principal and interest payable in lawful money of the United States of America.

If default occurs in the payment of any installment of principal or interest under this Note when due, or in the  performance of any agreements contained in the Deed of Trust securing this Note, the entire principal sum and accrued interest shall at once become due and payable, without notice, at the option of the holder of this Note.  Failure to exercise such option shall not constitute a waiver of the right to exercise it in the event of any subsequent default.

The undersigned jointly and severally agree to pay the following costs, expenses and attorney's fees paid or incurred by the holder of this Note, or adjudged by a court; (1) reasonable costs of collection, costs and expenses and attorney's fees paid or incurred in connection with the collection of this Note, whether or not suit is filed, and (2) costs of suit and such sum as the court may adjudge as attorney's fees in any action to enforce payment of this Note or any part of it.

**DO NOT DESTROY THIS NOTE**

Do Not Destroy this Original Note:  When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

This Note is secured by a Deed of Trust to Stewart Title & Trust of Tucson, an Arizona corporation, as Trustee, of even date herewith, executed in favor of the named payee as beneficiary.

The undersigned jointly and severally waive presentment, notice of dishonor, notice of protest, demand and diligence

_____
Grace N. Soto


Approved and accepted:


_____
Eddice M Cornelius, as Trustee of The Eddice M. Cornelius
Revocable Trust dated June 25, 1999 as to 50% interest


_____
Louis A. Banks, as Trustee of The Louis A. Banks Living
Trust dated September 21, 2010 as to 50% interest


**DO NOT DESTROY THIS NOTE**

Do Not Destroy this Original Note:  When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

Page 2 of 2

# EXHIBIT "B"

RECORDING REQUESTED BY:
Stewart Title & Trust of Tucson

WHEN RECORDED MAIL TO:
Grace N. Soto
809 N Anita
Tucson, AZ 85705

FILE NO.:   1527666



* E RECORDING * Page 1 of 6

SEQUENCE:      20220880885
No. Pages:     6
3/29/2022      4:36 PM

GABRIELLA CÁZARES-KELLY, RECORDER
Recorded By: KES (e-recording)

SPACE ABOVE THIS LINE FOR RECORDERS USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS

**Date: March 25, 2022**

**TRUSTOR:**

**Grace N. Soto, an unmarried woman**

whose mailing address is 1508 W Delaware, Tucson, AZ 85745

**TRUSTEE:**

**Stewart Title & Trust of Tucson, an Arizona Corporation**

whose mailing address is 3939 E. Broadway, Tucson, AZ  85711

**BENEFICIARY:**

**Eddice M. Cornelius, as Trustee of The Eddice M. Cornelius Revocable Trust dated June 25, 1999, as to 50% interest and Louis A. Banks, as Trustee of The Louis A. Banks Living Trust dated September 25 2010, as to 50% interest**

whose mailing address is:  10301 N Hacienda Hermosa, Oro Valley, Az 85737

Property situated in the County of Pima, State of Arizona, described as follows:

See Exhibit "A" attached hereto and made a part hereof.

Together with all buildings, improvements and fixtures thereon or hereinafter erected thereon.
Street Address, if any, or identifiable location of this property:
**849 N Anita Avenue, Tucson, AZ  85705**

**THIS DEED OF TRUST,** made on the above date by, between and among the TRUSTOR, TRUSTEE and BENEFICIARY above named.

**WITNESSETH:** That Trustor hereby irrevocably grants, conveys, transfers and assigns to the Trustee in Trust, with Power of Sale, the above described real property (the Trust Property), together with leases, issues, profits, or income therefrom (all of which are hereinafter called "property income"): **SUBJECT,** however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income.

**SUBJECT TO:** Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

**FOR THE PURPOSE OF SECURING:**
A. Payment of the indebtedness in the principal sum of **$400,000.00** evidenced by a Promissory Note or Notes of even date herewith, and any extension or renewal thereof, executed by Trustor in favor of Beneficiary or order.
B. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust.
C. Performance of each agreement of Trustor herein contained.
D. Should the Trustor herein sell, convey, transfer or assign all or any portion of their interest in subject property, the entire remaining principal balance of the note secured hereby, together with interest due hereon shall immediately be due and payable in full.


**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**
1. To keep said property in good condition and repair; not to remove or demolish any building, thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violations of law; and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2. To provide, maintain, and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.

4. To pay, at least 10 days before delinquent, all taxes and assessments affecting said property; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any Deed of Partial Release and Partial Reconveyance or Deed of Release and Full Reconveyance, and all lawful charges, costs, and expenses in the event of reinstatement of, following default in, this Deed of Trust or the obligations secured hereby.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor

from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel, and pay his reasonable fees.

5.  To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note or notes secured by this Deed of Trust or at the legal rate if it secures a contract or contracts other than a promissory note or notes. Any amounts so paid by Beneficiary or Trustee shall become a part of the debt secured by this Deed of Trust and a lien on said premises or immediately due and payable at option of Beneficiary or Trustee.

**IT IS MUTUALLY AGREED:**

6.  That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.  That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.  That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge hereof.

9.  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to

be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this Deed of Trust. Beneficiary also shall deposit with Trustee this Deed of Trust, said note(s), and all documents evidencing expenditures secured hereby.

Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, subject to the statutory rights of reinstatement, the Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, Payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of all sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S.§33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due hereunder.

In the alternative to foreclosure by Trustee's sale, the Beneficiary may foreclose by judicial proceedings, and in such event, the election to declare the unpaid balance immediately due and payable may be made in the complaint. In such judicial proceedings, Beneficiary shall be entitled to reasonable Attorney's fees, costs of foreclosure report, and all sums advanced with interest as provided paragraphs four (4) and five (5) herein.

12. That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any notice of Trustee's sale hereunder be mailed to him at his address hereinbefore set forth.

File No.: 1527866
Deed of Trust and Assignment of Rents – Continued
Page 5

Executed this 28 day of March, 2022.

Trustor(s)

_____
Grace N. Soto

### NOTARY ACKNOWLEDGMENT(S) TO DEED OF TRUST
### AND ASSIGNMENT OF RENTS

State of Arizona )
                 ) ss
County of Pima   )

This instrument was acknowledged before me this 28 day of March, 2022 by Grace N. Soto.

(Seal)


Notary Public

My commission expires: March 15, 2023

SUSAN A RAYGOZA
Notary Public - Arizona
Pima County
Commission # 560249
My Commission Expires March 15, 2023

## EXHIBIT "A"
## LEGAL DESCRIPTION

Lot 18 in Block 5, of MCKINLEY PARK, according to Book 3 of Maps, Page 26, records of Pima County, Arizona;

# EXHIBIT "C"

**When Recorded Mail To:**

Grace N. Soto
809 N. Anita ST.
Tucson, Az. 85705

B-7

# Quit Claim Deed

For the consideration of Ten Dollars, and other valuable consideration, I, the undersigned, Grace N. Soto, an unmarried woman, hereby quit-claim to:

Si Se Puede Enterprises LLC. An Arizona Limited Liability Company

All my right, title , or interest in the following Real Property situated in Pima County, Arizona.

**Legal Description: That certain property situated  in Pima County, State of Arizona and described as follows:**

**LOT 18 in BLOCK 5 of McKinley Park according to BOOK 3 of MAPS, Page 26 RECORDS of Pima County Arizona**

Dated this _30_ Day of August 2024

_Grace N. Soto_
Grace N. Soto

**STATE OF ARIZONA**    )

                        )

**COUNTY OF PIMA**    )

This instrument was acknowledged before me

This ___30___ day of __August__

2024 by  Grace N. Soto

_____

Notary Public

DIANA SHESTKO LOPEZ
Notary Public - State of Arizona
PIMA COUNTY
Commission # 626748
Expires June 10, 2026

# EXHIBIT "E"

LAW OFFICE OF

# ETHAN STEELE
P.O. Box 42977
TUCSON, ARIZONA 85733
(520) 290-0729
esteelelaw@gmail.com

Grace N. Soto
1508 W. Delaware Street
Tucson, Arizona 85745

RE:    Fidelity National Title Collection No. 3▮▮▮▮
       Payor: Grace N. Soto
       Payee: Louis A. Banks and Eddice Cornelius
       Property address: 849 N. Anita Ave. Tucson, Arizona

## PAYOFF OF ACCOUNT    GOOD THROUGH AUGUST 26, 2024

| | |
|---|---|
| Payoff statement amount from Fidelity Account Servicing | $598,681.19 |
| Forced Ins pd by Lender@ 149.03 per month 16 months | $2,384.48 |
| Legal Fees for Notification | $350.00 |
| Fees due Law Office of Ethan Steele | $1,500.00 |
| Reinstatement demand letter | |
| Law Office Ethan Steele | $500.00 |
| TGS report Fidelity National Title | $758.50 |
| Recording fees Fidelity National Title | $100.00 |
| Posting MK Consultants | $75.00 |
| Publication MK Consultants | $175.00 |
| Postage | $72.52 |
| Copies | $50.00 |
| Preparation for Trustee Sale MK Consultants | $100.00 |
| Postponement of Trustee Sale (7) - $55.00 | $385.00 |
| Law Office Ethan Steele - Postponement Tr-Sale (7) | $700.00 |
| Law Office Howard Chorost BK fees - Lender | $5,549.00 |

**Total amount to reinstate due by August 26, 2024**      **$611,380.69**
**by 4:00 pm by cashier check or wired funds**

Page 1 of 2

**Payment must be in the form of a cashier's check payable to Fidelity National Title and HAND DELIVERED to:**

> **Fidelity National Title**
> **6245 E. Broadway #180**
> **Tucson, Arizona**
> **Attn: Loan Servicing Dept.**
>      **Jasmine Smith**

**OR SENT BY WIRE - WIRE INSTRUCTIONS ARE ATTACHED.**

If you have any questions please contact my legal assistant Cindy Rivera at 520-400-9352 or via email at cr.esteelelaw@gmail.com.

Sincerely yours,

Ethan Steele

Cc: Louis A. Banks and Eddice Cornelius

NOTICE:    This proceeding is an effort to collect a debt on behalf of the beneficiary under the referenced Deed of Trust. Any information obtained will be used for that purpose. Unless the loan is reinstated, this Trustee's Sale proceeding will result in foreclosure of the subject property

Page 2 of 2

Account Servicing
6245 E. Broadway Blvd, Suite 180
Tucson
AZ 85711

Date:  08/13/2024

GRACE N SOTO
1508 W DELAWARE ST
TUCSON          AZ 85745

EDDICE M CORNELIUS REVOCA BLE TRUST
10301 N HACIENDA HERMOSA DR
TUCSON          AZ 85737

Re:  Note No.  ✕✕✕✕✕✕
Payor:          GRACE N SOTO
Recipient:    EDDICE M CORNELIUS REVOCA BLE TRUST

We are pleased to furnish you with the following information:

| | |
|---|---|
| Principal Balance | $399,390.96 |
| Interest Paid To | 03/01/2023 |
| Interest Rate | 12.0000% |
| Per Diem | $133.130300 |
| Payoff Date | 08/27/2024 |
| Number of days Interest | 536 |
| Interest Due | $71,357.85 |
| Unpaid Interest | $0.00 |
| Penalty Interest Owed | $0.00 |
| Late Charges | $127,597.38 |
| Fees Owed | $0.00 |
| Reserves | $0.00 |
| Other | $0.00 |
| Payoff Penalty | $0.00 |
| | |
| Account Closing | $100.00 |
| Reconveyance Fee | $100.00 |
| Recording Fee | $35.00 |
| Statements | $100.00 |
| | |
| Payoff Discount | $0.00 |
| | |
| **Balance** | **$598,681.19** |

THIS BALANCE MUST BE PAID IN FULL ON OR BEFORE 8/27/2024 WITH A CASHIER'S CHECK, MONEY ORDER OR WIRE TRANSFER ONLY. SERVICE FEES & INTEREST WILL CONTINUE TO ACCRUE UNTIL PAID IN FULL.

Note Department
(520)290-3860
*INTEREST AND PENALTIES WILL CONTINUE TO ACCRUE UNTIL GUARANTEED FUNDS ARE RECEIVED IN OUR OFFICE.

*PLEASE CONTACT US FOR AN UPDATED STATEMENT SHOULD YOU NOT BE ABLE TO PAY BY THE PAYOFF DATE ABOVE.

*IF YOUR PAYMENT IS AUTOMATICALLY DEDUCTED, IT WILL CONTINUE TO PULL UNTIL THE ACCOUNT PAYS OFF.